# EXHIBIT A

SUPERIOR COURT BERGEN COUNTY
**FILED**

JUN 23 2016

*[signature]*
DEPUTY CLERK

BLUME, FORTE, FRIED, ZERRES & MOLINARI
A Professional Corporation
One Main Street
Chatham, New Jersey 07928
(973) 635-5400
DAVID M. FRIED ID# 021481981
Attorneys for Plaintiff(s)

| | |
|---|---|
| THOMAS KRAUSE<br><br>        Plaintiffs,<br><br>        vs.<br><br>THE HOME DEPOT, USA, INC. JOHN DOE, JANE DOE, {(FICTITIOUS NAMES of agents, servants and/or employees of THE HOME DEPOT, USA, INC and/or ABC CORPORATION and/or XYZ PARTNERSHIP,(FICTITIOUS NAMES)}, ABC CORPORATION and/or XYZ PARTNERSHIP,(FICTITIOUS NAMES)<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – BERGEN COUNTY<br>DOCKET NO. L- 4805-16<br><br>    Civil Action<br>**COMPLAINT, JURY DEMAND, DESIGNATION<br>OF TRIAL COUNSEL, AND CERTIFICATION** |

Plaintiffs, THOMAS KRAUSE, residing at 48 North Island Avenue, Ramsey, New Jersey by way of complaint say:

<u>FIRST COUNT</u>

1.  On or about February 19, 2015, the plaintiff, THOMAS KRAUSE was a lawful invitee on the premises of the defendants, THE HOME DEPOT, located at 465 Route 17, Mahwah, New Jersey.

2.  The defendant, THE HOME DEPOT, USA, INC. JOHN DOE, JANE DOE, {(FICTITIOUS NAMES of agents, servants and/or employees of THE HOME DEPOT, USA, INC and/or ABC CORPORATION and/or XYZ PARTNERSHIP,(FICTITIOUS NAMES)}, ABC CORPORATION and/or XYZ PARTNERSHIP,(FICTITIOUS NAMES), is a corporation

of the State of New Jersey, is and was at all times mentioned a corporation in good standing.

3. The premises upon which plaintiff was on was owned, operated, maintained, managed, cared for, possessed and controlled by the defendants, THE HOME DEPOT, USA, INC. JOHN DOE, JANE DOE, {(FICTITIOUS NAMES of agents, servants and/or employees of THE HOME DEPOT, USA, INC and/or ABC CORPORATION and/or XYZ PARTNERSHIP,(FICTITIOUS NAMES)}, ABC CORPORATION and/or XYZ PARTNERSHIP,(FICTITIOUS NAMES).

4. It then and there became the duty of the defendants, THE HOME DEPOT, USA, INC. JOHN DOE, JANE DOE, {(FICTITIOUS NAMES of agents, servants and/or employees of THE HOME DEPOT, USA, INC and/or ABC CORPORATION and/or XYZ PARTNERSHIP,(FICTITIOUS NAMES)}, by and through its agents, servants and employees to use reasonable care to inspect and make the premises reasonably safe for the plaintiff.

5. Notwithstanding said duty, the defendant, by and through its agents, servants and employees, carelessly, recklessly and negligently caused and/or permitted the plaintiff, THOMAS KRAUSE to be injured therefore caused to suffer severe and permanent personal injuries, suffer and will continue to suffer great physical and mental pain, lose time from employment, suffer an impairment of earning capacity, require and will in the future be required to undergo medical treatments and/or hospitalizations in endeavoring to be cured of said injuries, has incurred and/or in the future will incur expenses for the treatment of said injuries, has been disabled and will in the future be disabled and not able to perform his/her usual functions, and was and will be caused to suffer a loss of enjoyment of life.

WHEREFORE, plaintiffs, THOMAS KRAUSE demand judgment against the

defendants, together with interest and costs of suit.

### SECOND COUNT

1. Plaintiff repeats the allegations contained in the prior count and makes the same a part hereof by reference and incorporation.

2. Plaintiff's injuries and the manner in which he was injured are such that the instrumentality was under defendants control, and the injuries would not have been sustained but for the carelessness, negligence and recklessness of the defendants, and its agents, servants and employees.

WHEREFORE, plaintiffs, THOMAS KRAUSE, demands judgment against the defendants, together with interest and costs of suit.

### THIRD COUNT

1. Plaintiff repeats the allegations contained in the prior counts and makes the same a part hereof by reference and incorporation.

2. It then and there became the duty of the defendants, by and through its agents, servants and employees to warn the plaintiff and otherwise make known to the plaintiff the dangers and risks of being on the premises of the defendants.

3. Notwithstanding said duty, the defendant, by and through its agents, servants and employees failed to warn or alert the plaintiff.

WHEREFORE, plaintiffs, THOMAS KRAUSE, demands judgment against the defendants, together with interest and costs of suit.

### FOURTH COUNT

1. Plaintiff repeats the allegations contained in the prior counts and makes the same a part hereof by reference and incorporation.

2. The defendants, THE HOME DEPOT, USA, INC. JOHN DOE, JANE DOE, {(FICTITIOUS NAMES of agents, servants and/or employees of THE HOME DEPOT, USA, INC and/or ABC CORPORATION and/or XYZ PARTNERSHIP,(FICTITIOUS NAMES)},

ABC CORPORATION and/or XYZ PARTNERSHIP, (FICTITIOUS NAMES) created and/or maintained a nuisance, which nuisance resulted in the injuries sustained by the plaintiff as aforesaid.

WHEREFORE, plaintiffs, THOMAS KRAUSE, demands judgment against the defendants, together with interest and costs of suit.

<u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a trial by jury as to all issues involved herein.

<u>DESIGNATION OF TRIAL COUNSEL</u>

Pursuant to R.4:25-4, DAVID M. FRIED, has been designated as trial counsel in the above matter.

<u>CERTIFICATION</u>

I hereby certify that this matter is not the subject of any other action pending in any Court or a pending Arbitration proceeding, nor is any other action or Arbitration proceeding contemplated. All parties known to plaintiff at this time who should have been joined in this action, have been joined.

BLUME, FORTE, FRIED, ZERRES & MOLINARI, P.C.
Attorneys for Plaintiffs

By_____
DAVID M. FRIED

DATED: 6/22/16

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680
                                          TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 527-2600
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   JUNE 28, 2016
                        RE:     KRAUSE VS HOME DEPOT USA
                        DOCKET: BER L -004805 16

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON ROBERT L. POLIFRONI

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (201) 527-2600.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: DAVID M. FRIED
                              BLUME FORTE FRIED ZERRES & MOO
                              26 JOURNAL SQUARE
                              SUITE 603
                              JERSEY CITY        NJ 07306
JUBTRU0
```



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

### Track III - 450 days' discovery
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 291 | PELVIC MESH/GYNECARE |
| 278 | ZOMETA/AREDIA | 292 | PELVIC MESH/BARD |
| 279 | GADOLINIUM | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 282 | FOSAMAX | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287 | YAZ/YASMIN/OCELLA | 300 | TALC-BASED BODY POWDERS |
| 288 | PRUDENTIAL TORT LITIGATION | 601 | ASBESTOS |
| 289 | REGLAN | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."

### Please check off each applicable category  ☐ Putative Class Action  ☐ Title 59

7/18/2016                    20150262435                    6020160718005080

**Appendix XII-B1**

<table>
<tr>
<td rowspan="3"></td>
<td colspan="2">CIVIL CASE INFORMATION STATEMENT<br>(CIS)</td>
<td colspan="2">FOR USE BY CLERK'S OFFICE ONLY</td>
</tr>
<tr>
<td colspan="2" rowspan="2">Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),<br>if information above the black bar is not completed<br>or attorney's signature is not affixed**</td>
<td>PAYMENT TYPE: ☐ CK ☐ CG ☐ CA</td>
</tr>
</table>

| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| DAVID M. FRIED, ESQ. | (973) 635-5400 | Bergen |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| BLUME, FORTE, FRIED, ZERRES & MOLINARI | L Y 805 - 16 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 1 MAIN STREET<br>CHATHAM, NJ 07928 | COMPLAINT |
| | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| THOMAS KRAUSE | KRAUSE VS. THE HOME DEPOT, ET AL |

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>605 | HURRICANE SANDY<br>RELATED?<br>☐ YES  ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?    ☐ YES  ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|

| RELATED CASES PENDING?<br>☐ Yes   ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes   ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>☐ YES   ■ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE    ☐ FRIEND/NEIGHBOR    ☐ OTHER (explain)<br>☐ FAMILIAL                      ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?    ☐ Yes   ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes   ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ Yes   ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

# EXHIBIT B

ATTORNEYS AT LAW

JOHN M. BLUME
DENNIS M. DONNELLY ♦
DAVID M. FRIED ♦
CAROL L. FORTE ♦
MICHAEL B. ZERRES ✧
JOHN E. MOLINARI ♦
MITCHELL J. MAKOWICZ, JR. ♦
JEFFREY J. ZENNA ♦
KENNETH W. ELWOOD ♦
HARRIS S. FELDMAN
RICHARD J. VILLANOVA
ROBIN A. DONATO
ABRAHAM N. MILGRAUM
KELLY M. STOLL
FELICIA G. SMITH ♦
JOHN W. GRECOREK
MATTHEW E. BLACKMAN

OF COUNSEL
RONALD P. GOLDFADEN ♦
CYNTHIA M. CRAIG
BRIAN E. MAHONEY ♦

♦ Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

# BLUME DONNELLY FRIED FORTE ZERRES & MOLINARI

## A PROFESSIONAL CORPORATION

ONE MAIN STREET
CHATHAM, NJ 07928-0924

WWW.NJATTY.COM

(973) 635-5400
FAX: (973) 635-9339

INFO@NJATTY.COM

OTHER OFFICES:
JERSEY CITY, NJ
NORTH BERGEN, NJ
SEA GIRT, NJ

January 29, 2016

<u>Via Email Jeffrey@sedgwickcms.com & Regular Mail</u>
Alfonso Jeffery
Sedgwick Claims Management Services, Inc.
P.O. Box 14451
Lexington, KY 40512-4451

RE:  Claimant: Thomas Krause
Insured: Home Depot
YOUR CLAIM NUMBER: 20150262435
DATE OF INCIDENT:  02/19/2015

Dear Mr. Jeffery:

I am sending this letter in response to the correspondence I received dated January 4, 2016 regarding mediation of this matter scheduled for February 17, 2016 at 11:00 a.m. at the offices of Bonner, Kiernan, Trebach Crociata.  Please accept this letter as our submission for the consideration of both the mediator and the Home Depot Claims Representative.

My client is a 62 year old contractor, who was at the Home Depot in Mahwah to make a purchase when he sustained severe injuries that are the subject of this claim.  He was injured when a free standing sign in a metal frame toppled over on him when it was apparently blown over by wind.  It is clear defendant, Home Depot was negligent in erecting a sign in this fashion.

I am enclosing a copy of the record " The Doctors Inn" where my client went following the accident, as well as the record from Valley Hospital where he went directly from "The Doctors Inn".  My client was complaining of headache, dizziness and head injury at the time of the visit to The Doctors Inn.  He also had ear ringing and blurred vision at that time.  Mr. Krause needed to be transported to the emergency room by ambulance.

I am enclosing a copy of the Valley Hospital emergency room record which shows that my client presented with in an intense, global throbbing headache and that he had ringing in his ear. While the ear ringing seemed to be intermittent at that time, we now know that it became much worse and permanent after that date.

## BLUME DONNELLY FRIED FORTE ZERRES & MOLINARI

January 29, 2016
Page 2

### A PROFESSIONAL CORPORATION

Thereafter, Mr. Krause came under the care of an otolaryngologist, Jayde. Steckowych, M.D. I enclose a copy of Dr. Steckowych's records which show that my client does in fact have a significant vestibular hearing problem as a result of the subject incident. My client did begin treating with Dr. Stekowych, approximately one week after the accident. She has confirmed that he has both tinnitus and hearing loss and this has been confirmed both in physical examinations and diagnostic testing. I am annexing all of those records. In addition, Mr. Krause underwent testing at the Hackensack University Medical Center Audiology Department and those records are enclosed.

My client has also sustained and experienced problems relating to a back injury. He treated with Faisal Mahmood, M.D. An MRI of the lumbar spine showed left paracentral disc herniation at L3-L4. My client has since been treating with a chiropractor who has provided palliative treatment.

As you can determine, this is a very significant injury involving loss of hearing, tinnitus, ongoing headaches and back pain.

I am also enclosing a chart with the medical bills, including those that have been paid by insurance, those that are subject to a lien and those that are outstanding. The outstanding balance is $84,538.53

A significant hearing loss and tinnitus injury is very severe, causes a great of deal of disruption in the life of an individual and that is not exception with my client. These injuries were due to the negligence of Home Depot. In order to amicably resolve this matter, we demand $750,000.00

Very truly yours,

DAVID M. FRIED

DMF/
Enclosure

# EXHIBIT C

ATTORNEYS AT LAW

JOHN M. BLUME
DAVID M. FRIED♦
CAROL L. FORTE♦
MICHAEL B. ZERRES♦
JOHN E. MOLINARI♦
MITCHELL J. MAKOWICZ, JR.♦
JEFFREY J. ZENNA♦
KENNETH W. ELWOOD ♦
RICHARD J. VILLANOVA ♦
KELLY M. STOLL
FELICIA G. SMITH ♦
JOHN W. GREGOREK
MATTHEW E. BLACKMAN

Of Counsel
RONALD P. GOLDFADEN ♦
CYNTHIA M. CRAIG
BRIAN E. MAHONEY ♦

♦ Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

**BLUME FORTE FRIED ZERRES & MOLINARI**

A PROFESSIONAL CORPORATION

ONE MAIN STREET

CHATHAM, NEW JERSEY 07928

WWW.NJATTY.COM

**(973) 635-5400**

FAX: (973) 635-9339

OTHER OFFICES:
JERSEY CITY, NJ 07306
NORTH BERGEN, NJ 07047
SEA GIRT, NJ 08750

July 7, 2016

The Home Depot USA, Inc.
C/O CSC
830 Bear Tavern Road
West Trenton, NJ 08638

      Re:  Krause vs. The Home Depot USA, Inc.
      Docket No.:  BER-L-4805-16
      Our File No.:  C150079

Dear Sir or Madam:

      Enclosed is a summons with the complaint annexed thereto.

      This is hereby served upon you to enter an Answer and defense, if any, to the complaint.  The summons, pursuant to the Rules of Court, provides that an Answer, to be timely filed, must be filed within the time specified.

      To avoid any question of your having failed to cooperate, under the terms of your policy, please immediately forward the summons and complaint to your insurance company or agent and get a receipt for them.

                            Very truly yours,

                            DAVID M. FRIED

/ds
Enclosure
Via CM/RRR # 7015 1730 0000 6716 6437

SENDER: COMPLETE THIS SECTION

DMF
KRAUSE/C150079
PLEADING

1. Article Addressed to:

THE HOME DEPOT USA INC
C/O CSC, 830 BEAR TAVERN ROAD
WEST TRENTON, NJ 08638

2. Article Number (Transfer from service label)
7015 1730 0000 6716 6437

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                      ☐ Agent
                                       ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type    ☒ Certified Mail®   ☐ Certified Mail®
                                          Restricted Delivery

PS Form 3811 Facsimile, July 2015                 Domestic Return Receipt

